**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AMANDA THOMAS,

      Plaintiff,

      vs.                             CASE NO. 3:10-cv-940-J-34TEM

CHICAGO PIZZA & SPORTS GRILLE, INC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

      This matter has been referred to the undersigned for issuance of a Report and

Recommendation regarding whether the parties' settlement is a "fair and reasonable"

resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #12, Order of Administrative Closure and Referral;

*see also* Doc. #13, Joint Motion for Approval of Settlement).  An evidentiary hearing on this

matter was held before the undersigned on April 25, 2011 (Doc. #16, Minutes).[2]

Subsequent to the hearing, the parties filed a copy of the proposed settlement agreement

(Doc. #15-1, Settlement Agreement and Release).  For the reasons stated herein and on

the record at the hearing, the undersigned will **RECOMMEND** that the District Court grant

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to file a timely objection waives a party's right to a *de novo* review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2]The non-transcribed recording of the hearing is hereby incorporated by reference.  The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

the parties' joint motion for approval of settlement (Doc. #13) as a fair and reasonable resolution of a *bona fide* FLSA dispute.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back-wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back-wages or when the District Court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.   If a FLSA plaintiff has been offered "full compensation," then the case does not involve a compromise under *Lynn's Food Stores, supra*, and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary.  *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Here, the parties are in agreement that Plaintiff has compromised her claims (Doc. #16).  If a party compromises his or her claim, the court must scrutinize the settlement for fairness.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.   At the hearing, the parties argued that the proposed settlement is nevertheless fair and reasonable because it provides compensation for an agreed amount of hours worked in excess of forty hours per week, including liquidated damages, even though there are very limited time records in the possession of either party (Doc. #16).  Plaintiff maintains she worked approximately sixty hours per week and Defendant maintains Plaintiff worked approximately thirty hours per week (Doc. #16).  Counsel for Plaintiff noted that, through the discovery process, Plaintiff's W-2 for the tax year 2009 was produced by Defendant (Doc. #16).  Counsel for Plaintiff maintained that the 2009 W-2 did not lend support to Plaintiff's claim that she worked approximately 60 hours per week (Doc. #16).

By the terms of the proposed settlement, Plaintiff is to receive is $13,000 for the agreed amount of hours worked in excess of forty hours per week, including liquidated damages (Doc. #15-1 at 3).[3]  Counsel for Plaintiff stated that this action is essentially an off-the-clock dispute; therefore, many of the claimed overtime hours would need to be established if the case were to go to trial (Doc. #16).  Furthermore, Plaintiff worked as a bartender and participated in a tip-pool with other tipped employees (Doc. #16).  As there are no records that document such tips, the parties were also prepared to litigate the amount of tip-credit Defendant would be entitled to apply to Plaintiff's earned wages (Doc. #16).  *See* 29 U.S.C. § 203(m) (providing that, when determining the wage an employer is required to pay a tipped employee, the employer may account for the amount of tips received by such employee).  The parties agreed that the amount of money Plaintiff received from tip-pooling would need to be established if the case were to go to trial (Doc. #16).

The proposed settlement agreement also provides for an additional $6,500 in attorneys' fees (Doc. #15-1 at 3).  The undersigned finds this amount to be reasonable.

Based on the foregoing, the undersigned finds the proposed settlement to be a fair and reasonable resolution to a *bona fide* FLSA dispute.

Accordingly, it is hereby **RECOMMENDED**:

1.  The parties' Joint Motion for Approval of Settlement (Doc. #13) be **GRANTED** as a **FAIR AND REASONABLE RESOLUTION** of a *bona fide* FLSA dispute.

2.  The case be **DISMISSED with prejudice**.

---

[3] In the complaint (Doc. #1), Plaintiff asserts overtime claims for the years 2008 and 2009 (Doc. #1 at 2-3).

3.      The **Clerk** enter judgment and, thereafter, close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of April, 2011.


Copies to:

all counsel of record
and the Honorable Marcia Morales Howard

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

4